IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 08-30236-GPM |
| | ) |
| SINGLETARY V. JOHNSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion to receive prior jail credits brought by Defendant Singletary V. Johnson, who is proceeding pro se (Doc. 34). The procedural history of this case relevant to the instant motion is as follows. On August 27, 2008, Johnson was arrested by police in Murphysboro, Illinois, for driving on a revoked license. In the course of the traffic stop, Johnson was found to be in possession of a handgun. At the time of his arrest Johnson was on parole from the custody of the Illinois Department of Corrections ("IDOC") for the offenses of driving on a revoked license and unlawful possession of a weapon by a felon. As a consequence of the August 27 arrest, Johnson's parole was revoked and he was returned to IDOC custody at the Menard Correctional Center in Chester, Illinois, on September 25, 2008, with a projected release date of June 21, 2009. On November 4, 2008, a federal grand jury returned an indictment charging Johnson with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in connection with Johnson's August 27 arrest. A warrant for Johnson's arrest on the federal firearms charge was duly issued and on November 21, 2008, Johnson appeared in this Court pursuant to a writ

of habeas corpus ad prosequendum and was arraigned and ordered detained without bond in the custody of the Attorney General of the United States ("Attorney General"). On January 23, 2009, having negotiated a plea agreement with the United States Attorney for the Southern District of Illinois, Johnson pleaded guilty to the indictment in this case. Senior United States Probation Officer Kristi Miller prepared a pre-sentence investigation report and sentencing recommendation as to Johnson. Miller acknowledged that pursuant to U.S.S.G. § 5G1.3(c) the Court could order Johnson's federal sentence to run either concurrently with or consecutively to the term of state imprisonment Johnson was serving when he was indicted and placed in federal detention in this case and recommended that Johnson's federal sentence run consecutively to his state sentence. Johnson filed no objections to Miller's pre-sentence investigation report and sentencing recommendation. On April 28, 2009, when Johnson appeared before this Court for sentencing, the Court adopted Miller's pre-sentence investigation report and sentencing recommendation and sentenced Johnson to a term of thirty-six months' imprisonment to run consecutively to his term of state imprisonment set to end, as noted, on June 21, 2009.[1]

Johnson now has filed a pro se motion asking that the Court set aside its previous determination that his federal sentence should run consecutively to his state sentence and grant him credit against his federal sentence for the period from November 21, 2008, until June 19, 2009, during which time he was in the custody of the Attorney General before the commencement of his federal sentence. Unfortunately for Johnson, the Court cannot grant the relief that Johnson requests for four reasons. First, the Court has no authority to compute Johnson's credit for time served as to

---

1. The Court notes that during the course of the pre-sentence proceedings in this case Johnson was represented by appointed counsel.

his federal sentence, because this power is reposed solely in the Attorney General or the Attorney General's designee, the Federal Bureau of Prisons ("BOP").  *See* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992).  Second, the United States Court of Appeals for the Seventh Circuit specifically has held that the proper mechanism for challenging the computation of a federal prison sentence is a petition under 28 U.S.C. § 2241.  *See Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991); *United States v. Hornick*, 815 F.2d 1156, 1160 (7th Cir. 1987); *United States v. Ford*, 627 F.2d 807, 813 (7th Cir. 1980).  It appears that Johnson currently is incarcerated at Federal Correctional Institution Beckley in the Southern District of West Virginia, according to information about federal prison inmates maintained online by the BOP at http://www.bop.gov/inmate_locator/index.jsp that the Court can judicially notice.  *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006); *Boone v. Menifee*, 387 F. Supp. 2d 338, 343 n.4 (S.D.N.Y. 2005).  Thus, for Johnson to challenge the computation of his sentence by the BOP under 28 U.S.C. § 2241, he must petition against his prison custodian in the federal judicial district where he is confined, not, as he attempts to do here, in this district against this Court.  *See Braden v. 30th Jud. Cir. Ct. of Ky*, 410 U.S. 484, 494-95 (1973); *United States v. Prevatte*, 300 F.3d 792, 799 n.2 (7th Cir. 2002); *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001).[2]

---

2.  The Court wishes to make clear that it has not converted Johnson's motion to receive prior jail credits into a petition under 28 U.S.C. § 2241.  The Seventh Circuit Court of Appeals has admonished the federal trial courts of this Circuit to use caution in construing prisoners' motions as petitions for habeas corpus relief, so as to avoid unnecessarily limiting the right of such prisoners to seek habeas relief under, for example, the relevant procedural rules restricting successive habeas petitions.  *See Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000).  In this instance the Court merely is pointing out that, were Johnson seeking a re-computation of his sentence using the correct procedural vehicle, 28 U.S.C. § 2241, he would be required to do so in the forum where he is confined and against his prison custodian.

Third, a federal inmate challenging the computation of his or her sentence first must exhaust the administrative remedies furnished by the BOP, and an inmate's failure to exhaust such remedies leaves a federal court without jurisdiction to entertain a petition under 28 U.S.C. § 2241 challenging the computation of the inmate's sentence, because in the absence of exhaustion the inmate's claim is unripe.  *See Wilson*, 503 U.S. at 335-36 (citing 28 C.F.R. §§ 542.10 – 542.16 (1990)); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997); *United States v. McGee*, 60 F.3d 1266, 1272 (7th Cir. 1995); *United States v. Jones*, 34 F.3d 495, 499 (7th Cir. 1994); *United States v. Springs*, 988 F.2d 746, 749 (7th Cir. 1993); *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992); *United States v. Brumbaugh*, 909 F.2d 289, 290-91 (7th Cir. 1990).  Here Johnson does not allege that he has exhausted the administrative remedies for re-computation of his sentence furnished to him by the BOP, nor does the Court have any reason to suppose that Johnson has exhausted such remedies, given that, as already has been noted, Johnson's term of imprisonment in the custody of the BOP commenced only on June 21, 2009, a little less than five months ago.  *See Jake v. Herschberger*, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999); *Sinito v. Kindt*, 954 F.2d 467, 469 (7th Cir. 1992); *Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir. 1989).  Fourth and last, as already has been discussed, Johnson's prison time from November 21, 2008, until June 21, 2009, was credited to another sentence imposed in Illinois state court, and therefore Johnson cannot receive credit from the BOP for that time as to his federal sentence.  *See* 18 U.S.C. § 3585(b); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) (citing *United States v. Walker*, 98 F.3d 944, 945 (7th Cir. 1996)).  Johnson's request for re-computation of his federal sentence to reflect time that Johnson spent in federal custody before the commencement of his federal sentence is due to be denied.

To conclude, for the foregoing reasons Johnson's motion to receive prior jail credits (Doc. 34) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  November 15, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge